**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Farmers Insurance Exchange, individually and as subrogee of Jerry Nowicki,<br><br>Plaintiff,<br><br>v.<br><br>A.Y. McDonald Mfg. Co., et al.,<br><br>Defendants. | No. CV-25-08254-PCT-DGC<br><br>**ORDER** |

Plaintiff Farmers Insurance Exchange, as subrogee of its insured, Jerry Nowicki, asserts claims for negligence, strict products liability, and consumer fraud against Defendant A.Y. McDonald Manufacturing Company. Doc. 1-2.[1] Defendant has filed a motion to dismiss the consumer fraud claim. Doc. 8. The motion is fully briefed and no party requests oral argument. *See* Docs. 13, 14. For reasons stated below, the Court will deny the motion.

**I. Background.**

Plaintiff's complaint contains the following allegations. Plaintiff issued an insurance policy to Nowicki that covered damage to his residential property located in Show Low, Arizona. Doc. 1-2 ¶¶ 14-15. On or about February 20, 2024, a toilet supply line failed and caused water damage to the covered property. *Id.* ¶ 16. The supply line

---

[1] Plaintiff has voluntarily dismissed its breach of warranty claims. *See* Docs. 9, 10.

failed due to stress corrosion cracking, which occurs when a disproportionate amount of inferior zinc is used in the manufacturing process. *Id.* ¶¶ 17-19. Nowicki submitted a claim under the policy and Plaintiff paid him $192,182.60 for the property damage. *Id.* ¶ 20-21.

On October 22, 2025, Plaintiff filed suit against Defendant, the seller of the supply line. *Id.* ¶ 35. Defendant moves to dismiss the consumer fraud claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the claim is barred by a one-year statute of limitations. Doc. 8.

## II. Rule 12(b)(6) Standard.

Rule 12(b)(6) allows a defendant to challenge the factual and legal sufficiency of a claim before discovery, but "is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) (citations omitted); *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) ("[F]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6).").

A complaint that sets forth a cognizable legal theory will survive a Rule 12(b)(6) motion if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a Rule 12(b)(6) motion, the complaint's factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 556. The court should limit its review to the contents of the complaint and generally may not consider extrinsic materials. *Lee*, 250 F.3d at 688.

## III. Discussion.

Plaintiff asserts in count six of the complaint that Defendant violated the Arizona Consumer Fraud Act ("ACFA"), A.R.S. § 44-1521 et seq. Doc. 1-2 ¶¶ 60-66. The ACFA

"is a broadly drafted remedial provision designed to eliminate unlawful practices in merchant-consumer transactions." *Madsen v. W. Am. Mortg. Co.*, 694 P.2d 1228, 1232 (Ariz. Ct. App. 1985). The ACFA defines an unlawful practice as follows:

> The act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived, or damaged thereby[.]

A.R.S. § 44-1522(A).

Plaintiff alleges that in connection with the sale or advertisement of the toilet supply line, Defendant represented that the product would safely function in the manner for which it was intended. Doc. 1-2 ¶ 61. Plaintiff further alleges that the representation was false because the product did not function safely and was not fit for use as a water supply line; that Defendant concealed the fact that the product was made with inferior materials, such as zinc from Chinese manufacturers; and that Defendant intended that consumers rely on the misrepresentation and concealment. *Id.* ¶¶ 62-63.

Defendant does not contend that Plaintiff has failed to adequately plead the elements of an ACFA claim, arguing instead that the claim is barred by a one-year statute of limitations because the supply line failed on February 20, 2024, and Plaintiff did not bring the ACFA claim until October 22, 2025. Doc. 8 at 2, 7-9. Defendant also argues that Arizona's discovery rule cannot save the claim because the significant property damage caused by the supply line's failure placed Plaintiff on notice to immediately investigate Defendant's potential liability. *Id.* at 2, 9-10.

Plaintiff responds that it does not allege in the complaint that it discovered the consumer fraud when the supply line failed on February 20, 2024, noting that a product's failure does not necessarily place a plaintiff on notice that the failure resulted from misrepresentation or concealment. Doc. 13 at 3, 10-12. Plaintiff claims that the inferior zinc used in the supply line was discovered only upon expert examination in July 2025,

less than four months before Plaintiff brought the ACFA claim. *Id.* at 12. Plaintiff also argues that dismissal under Rule 12(b)(6) is not appropriate because the issue of when a cause of action accrues is to be resolved by the trier of fact. *Id.* at 4-5, 9.

An ACFA claim must be brought within one year after the cause of action accrues. A.R.S. § 12-541(5); *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1379 (Ariz. Ct. App. 1994). Pursuant to Arizona's discovery rule, a cause of action under the ACFA accrues "when the defrauded party discovers or with reasonable diligence could have discovered the fraud." *Alaface*, 892 P.2d at 1379 (citation omitted); *see also Turrey v. Vervent, Inc.*, --- F.4th ---, 2026 WL 2330561, at *5 (9th Cir. Aug. 12, 2026) ("[D]oes the clock start ticking on the statute of limitations when the injury first happens, or when a plaintiff discovers (or should have discovered) the fraudulent nature of that injury? We have long adopted the latter approach. . . . [A]ccrual does not begin until the plaintiff knew, or reasonably should have known, of the fraud-induced nature of the injury.").

A statute of limitations defense may be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). But the complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir.1995) (citing *Jablon*, 614 F.2d at 682). Because a statute of limitations defense is an affirmative defense, Defendant bears the burden of establishing its applicability. *Est. of Page v. Litzenburg*, 865 P.2d 128, 135 (Ariz. Ct. App. 1993); *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1124 (N.D. Cal. 2025); *see also U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972-73 (9th Cir. 2019) (explaining that "Rule 8 does not require plaintiffs to plead around affirmative defenses" and "dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense" (citations omitted)).

Defendant asserts that the ACFA claim accrued when Nowicki discovered that the supply line was not performing as expected. Doc. 8 at 7. Plaintiff's complaint does allege that the supply line failed on or about February 20, 2024. Doc. 1-2 ¶ 16. But for statute of

limitations purposes, the relevant inquiry is not simply when the product failed, but when Plaintiff discovered, or with reasonable diligence could have discovered, the alleged consumer fraud. *See Alaface*, 892 P.2d at 1379 (affirming grant of summary judgment where the undisputed evidence showed that the plaintiffs had actual knowledge of the alleged consumer fraud more than a year before bringing the claim).

Defendant identifies no allegations in the complaint establishing that Plaintiff was on notice of the alleged consumer fraud – Defendant's failure to disclose the use of inferior zinc in the supply line (Doc. 1-2 ¶ 62) – before October 22, 2024 (one year before Plaintiff filed suit). Defendant has thus failed to establish beyond dispute that Plaintiff's ACFA claim is time-barred. *See Adelman v. Rheem Mfg. Co.*, No. 2:15-CV-00190 JWS, 2015 WL 4874412, at *4-5 (D. Ariz. Aug. 14, 2015) ("Rheem argues that the limitations period began to run on Adelman's ACFA claim in April 2012, at the latest, when Adelman first discovered an issue with his Rheem unit. . . . Rheem's argument is misplaced in the context of a motion to dismiss. . . . Because the facts alleged in the complaint support a reasonable inference that Adelman did not discover the defective coils until after they failed for a second time, Rheem's argument fails.").

Under Arizona law, the issue of whether the discovery rule tolls the limitations period generally is a fact-intensive inquiry to be resolved by the trier of fact. *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 969 (Ariz. 1995) ("The statute of limitations did not commence on Gust's claim until Gust knew or in the exercise of reasonable diligence should have known that it had been injured. The trial court was correct to let the jury decide when that event occurred."); *Barten v. State Farm Mut. Auto. Ins.*, 28 F. Supp. 3d 978, 999 (D. Ariz. 2014) ("Because the discovery rule mitigates the harshness of statutory limitations by equitably considering the facts of each case, the question of when a plaintiff discovered or should have discovered facts giving rise to a claim is 'usually and necessarily' left to the jury." (quoting *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998))); *see also C. R. Bard, Inc. v. Atrium Med. Corp.*, No. CV-21-00284-PHX-DGC, 2022 WL 1136634, at *6 (D. Ariz. Apr. 18, 2022) (noting that "many courts have

held that a Rule 12(b)(6) motion is not a proper procedural vehicle to resolve application of the discovery rule" (citations omitted)). The Court concludes that whether the discovery rule applies in this case is best resolved on summary judgment or at trial.[2]

Defendant relies on various documents attached to its motion, including the parties' email exchanges and a demand letter sent in 2024. Doc. 8 at 9, 12-41. But the Court's decision on a motion to dismiss is limited to the face of the complaint. *Lee*, 250 F.3d at 688; *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997). The Court cannot determine from the face of Plaintiff's complaint that there is no set of facts that would establish the timeliness of the ACFA claim, and therefore cannot dismiss the claim on statute of limitations grounds. *Supermail Cargo*, 68 F.3d at 1207.[3]

**IT IS ORDERED** that Defendant's partial motion to dismiss (Doc. 8) is **denied**.

Dated this 18th day of August, 2026.

David G. Campbell
Senior United States District Judge

---

[2] Defendant notes in its reply that Plaintiff has the burden of showing that the discovery rule applies and must present evidence to support the rule's application. Doc. 14 at 5, 8. Any such evidence is best considered at summary judgment or trial when the record is more developed.

[3] The Court denies Defendant's request that the Court take judicial notice of the extrinsic materials attached to its motion (Doc. 8 at 4 n.1) because such materials are not matters of public record. *See Lee*, 250 F.3d at 688-89. The Court also will not consider Defendant's argument, made for the first time in its reply brief (Doc. 14 at 3-4), that Plaintiff cannot state a consumer fraud claim if Nowicki was not aware of or did not rely on Defendant's representations at the time of loss. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006).